SUMMARY ORDER
We assume the parties’ familiarity with the procedural history, the underlying facts, and the issues on appeal. “The ultimate question on appellate review of a district court’s denial of a preliminary injunction is whether or not the court abused its discretion.” Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 581 (2d Cir.1989).
“[A] party seeking a preliminary injunction must show that it is likely to suffer possible irreparable injury if the injunction is not granted and either (1) a likelihood of success on the merits of its case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor.” Reuters Ltd. v. United Press Int’l., Inc., 903 F.2d 904, 907 (2d Cir.1990) (internal quotation marks omitted). Because the plaintiffs have not shown that they are likely to suffer irreparable injury if the injunction is not granted, the district court did not abuse its discretion by denying the motion.
While the plaintiffs have apparently rebuffed the defendants’ recent efforts to sell them water, it is not clear that the plaintiffs have indicated that they no longer wish to purchase water from the defendants on any terms. The controversy over the meaning of the contract is therefore still a live one, and the appeal is not moot. Cf. Indep. Party of Richmond County v. Graham, 413 F.3d 252, 255 (2d Cir.2005). In light of our disposition of this appeal and in the exercise of our discretion, we would in any event deny the motion for sanctions.
For the foregoing reasons, the order of the District Court is hereby AFFIRMED, and the motion to dismiss the appeal and for sanctions is DENIED.